Filed 10/6/22  P. v. Timothy Russell Law CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B319301 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. MA044324 |
| TIMOTHY RUSSELL LAW, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa Mangay Chung, Judge.  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Timothy Russell Law appeals the trial court's denial of his resentencing petition.  We affirm.  Statutory citations are to the Penal Code.

We draw the facts from Law's direct appeal.  (See *People v. Law* (Oct. 12, 2011, B224654) [nonpub. opn.].)  In 2007, Law fatally shot his roommate.  He maintained the shooting was accidental.  A jury convicted Law of second degree murder (§ 187) and found firearm allegations true (§ 12022.53, subds. (b) & (c)).  The court imposed a sentence of 35 years to life, composed of 15 years to life for the murder and a consecutive 20 years for a firearm enhancement.

In January 2022, Law filed a petition for resentencing under former section 1170.95 (now § 1172.6) alleging he had been convicted under the felony-murder rule or natural and probable consequences doctrine and requesting appointment of counsel.  (Effective June 30, 2022, § 1170.95 was renumbered § 1172.6 with no change in text (Stats 2022, ch. 58, § 10).)  The trial court found the jury had not convicted Law under the felony-murder rule or the natural and probable consequences doctrine.  It held Law failed to state a prima facie case for relief and summarily denied his petition without appointing counsel.

Law filed a notice of appeal on March 24, 2022.  Conforming to *People v. Wende* (1979) 25 Cal.3d 436, Law's counsel filed an opening brief containing a statement of facts but raising no issues.  Counsel asked this court to review the record independently and to determine whether any arguable issues exist on appeal.  Counsel also advised Law he had 30 days to file a supplemental brief.  Law did not file a response.

We have examined the entire record of the proceedings and have found the trial court did not appoint counsel for Law.  Law

filed a facially sufficient petition and requested counsel. Section 1172.6, subdivision (b)(3) required the court to appoint counsel at this stage.

We review a denial of the right to counsel during the petition process for prejudice under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Lewis* (2021) 11 Cal.5th 952, 973–974.) To establish prejudice, Law must demonstrate that with counsel, it was reasonably probable the court would not have summarily denied his petition without an evidentiary hearing. (See *id.* at p. 974.)

Even with counsel, Law could not make a prima facie case of eligibility for resentencing under section 1172.6. Law admitted to shooting the victim himself, albeit accidentally. The prosecution did not proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory of imputed malice based on participation in a crime. (See § 1172.6, subd. (a).) Because Law is not eligible for relief under this statute as a matter of law, the trial court's error was harmless.

## DISPOSITION

We affirm the order.



WILEY, J.


We concur:



STRATTON, P. J.          GRIMES, J.


3